COLLEEN E. MCCARTY, ESQ.
Nevada Bar No. 13186
cmccarty@foxrothschild.com
DANIEL A. MANN
Nevada Bar No. 15594
dmann@foxrothschild.com
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
*Limited Appointment Pro Bono Counsel*
*for Plaintiff, Edwin Velez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| EDWIN VELEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>DR. MICHAEL MINEV, M.D., in his individual and official capacities; DR. MARTIN J. NAUGHTON, M.D., in his individual and official capacities, DR. KIM A. ADAMSON, M.D., in his individual and official capacities; DR. MICHAEL D. MCKEE, M.D., in his individual and official capacities; DR. CAROL L. ALLEY, M.D., in her individual and official capacities; DR. HENRY R. LANDSMAN, M.D., in his individual and official capacities; DR. ROEHL PENA, M.D., in his individual and official capacities; and DR. PAUL E. GAULIN, M.D., in his individual capacity; and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 3:21-cv-00197-ART-CSD<br><br>**SECOND AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**<br><br>**Jury Demand Requested** |

Plaintiff Edwin Velez ("Plaintiff"), by and through his attorneys of record, Colleen E.

154636870.1

159348291.1

McCarty, Esq. and Daniel A. Mann. Esq. of Fox Rothschild LLP, alleges as follows:

## NATURE OF THE ACTION

1. This is an action by an inmate in the Nevada Department of Corrections seeking redress for civil rights violations, negligence, and negligent infliction of emotional distress. As explained herein, the named Defendants violated the Eighth and Fourteenth Amendments of the United States Constitution by willfully refusing to provide Plaintiff with proper care and appropriate medical treatment. This exacerbated Plaintiff's serious medical condition and caused unnecessary physical and mental pain and suffering from an otherwise treatable medical condition, as well as ultimately resulting in the permanent loss of Plaintiff's left testicle.

2. Accordingly, Plaintiff brings this action seeking damages, attorney fees, and costs resulting from the acts set forth herein.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff's claims are authorized by 42 U.S.C. § 1983. The Court also has Supplemental Jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

4. Venue over Plaintiff's claims properly lies in this Court under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is a citizen of the United States residing in the County of Pershing, State of Nevada, and is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). He is incarcerated in the Lovelock Correctional Center ("LCC").

6. Plaintiff is informed and believes, and based thereon alleges, that Michael Minev, M.D. ("Minev"), is an individual who resides in the State of Nevada and during all relevant times was the Medical Director for LCC. In that position, Minev served on NDOC's Medical Utilization Review Panel ("Medical Review Panel") and was responsible for the practices,

159348291.1

policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at LCC. Minev is sued in both his individual and official capacities.

7. Plaintiff is informed and believes, and based thereon alleges, that Martin J. Naughton, M.D. ("Naughton"), is an individual who resides in the State of Nevada and during all relevant times was a Senior Physician for NDOC. In that position, Naughton served on the Medical Review Panel and was responsible for the practices, policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at LCC. Naughton is sued in both his individual and official capacities.

8. Plaintiff is informed and believes, and based thereon alleges, that Kim A. Adamson, M.D. ("Adamson"), is an individual who resides in the State of Nevada and during all relevant times served on the Medical Review Panel and was responsible for the practices, policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at LCC. Adamson is sued in both his individual and official capacities.

9. Plaintiff is informed and believes, and based thereon alleges, that Michael D. McKee, M.D. ("McKee"), is an individual who resides in the State of Nevada and during all relevant times served on the Medical Review Panel and was responsible for the practices, policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at LCC. McKee is sued in both his individual and official capacities.

10. Plaintiff is informed and believes, and based thereon alleges, that Carol L. Alley, M.D. ("Alley"), is an individual who resides in the State of Nevada and during all relevant times served on the Medical Review Panel and was responsible for the practices, policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at LCC. Alley is sued in both her individual and official capacities.

11. Plaintiff is informed and believes, and based thereon alleges, that Henry R. Landsman, M.D. ("Landsman"), is an individual who resides in the State of Nevada and during all relevant times served on the Medical Review Panel and was responsible for the practices,

159348291.1

1  policies and procedures affecting the medical care, or lack thereof, that Plaintiff received as an
2  inmate at LCC. Landsman is sued in both his individual and official capacities.

3      12.    Plaintiff is informed and believes, and based thereon alleges, that Roehl Pena,
4  M.D. ("Pena"), is an individual who resides in the State of Nevada and during all relevant times
5  served on the Medical Review Panel and was responsible for the practices, policies and
6  procedures affecting the medical care, or lack thereof, that Plaintiff received as an inmate at
7  LCC. Pena is sued in both his individual and official capacities.

8      13.    Plaintiff is informed and believes, and based thereon alleges, that Paul E. Gaulin,
9  M.D. ("Gaulin"), is an individual who resides in the State of Nevada and during all relevant
10  times was a surgeon at Humboldt General Hospital in Winnemucca, Nevada who operated
11  pursuant to a contract to provide medical services to persons incarcerated in NDOC, including
12  Plaintiff. Gaulin is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

14      14.    Plaintiff, while incarcerated in LCC, had a job in the kitchen to prepare and serve
15  food to other inmates.

16      15.    While working in the kitchen, Plaintiff suffered an injury while preventing a food
17  cart from tipping over as it entered a holding cell unit.

18      16.    Immediately following the injury, Plaintiff began to have pain and swelling in his
19  left testicle area.

20      17.    Plaintiff was first seen by a LCC medical provider on or about January 19, 2018,
21  who conducted an ultrasound and diagnosed Plaintiff with a hydrocele, a type of swelling in the
22  scrotum in which fluid collects in the thin sac that surrounds a testicle.

23      18.    Due to the severity of the hydrocele, which Plaintiff reported was causing severe
24  pain, the LCC medical provider referred Plaintiff to a medical provider outside of LLC to
25  perform a hydrocelectomy to remove and repair Plaintiff's hydrocele.

4

159348291.1

19. The Medical Review Panel, made up of Drs. Minev, Naughton, Adamson, McKee, Alley, Landsman and Pena, approved the hydrocelectomy to be performed by Dr. Gaulin at Humboldt General Hospital in Winnemucca, Nevada.

20. Plaintiff is informed and believes, and based thereon alleges, that Dr. Gaulin had no experience in hydrocelectomy and that this fact was known to the Medical Review Panel.

21. On or about January 20, 2018, Dr. Gaulin performed a hydrocelectomy on Plaintiff where he entered the tunica vaginalis and cautery was performed, but the tunica vaginalis was not properly excised.

22. On or about November 20, 2018, Plaintiff again experienced severe pain and swelling in his left testicle area and was again referred by an LCC medical provider to be seen by Dr. Gaulin, which the Medical Review Panel approved.

23. Dr. Gaulin drained Plaintiff's hydrocele but again failed to perform a proper hydrocelectomy to prevent additional fluids from accumulating.

24. Plaintiff's hydrocele returned in or about February 2019 and again caused Plaintiff severe pain and swelling. For a third time, an LCC medical provider recommended a hydrocelectomy, and the Medical Review Panel sent Plaintiff to Dr. Gaulin.

25. On or about March 19, 2019, Dr. Gaulin drained the fluids Plaintiff's hydrocele but again failed to perform a proper hydrocelectomy to prevent additional fluids from accumulating.

26. On or about April 29, 2019, Plaintiff reported to an LCC medical provider that his left testicle was large, tense, and painful. For a fourth time, an LCC medical provider recommended a hydrocelectomy, and the Medical Review Panel sent Plaintiff to Dr. Gaulin.

27. On or about May 3, 2019, Dr. Gaulin drained the fluids Plaintiff's hydrocele but again failed to perform a proper hydrocelectomy to prevent additional fluids from accumulating.

28. On or about May 15, 2019, during a follow-up appointment with Dr. Gaulin, Dr. Gaulin finally referred Plaintiff for a consultation with a urologist because Plaintiff continued to have fluids accumulating around his left testicle.

5

159348291.1

29. On or about May 17, 2019, Dr. Roland N. Chen, M.D., a licensed urologist, evaluated Plaintiff and determined that a hydrocele was present and Dr. Gaulin had not properly performed a hydrocelectomy. Dr. Chen submitted a request form to LCC the same day seeking permission to perform a hydrocelectomy on Plaintiff.

30. Despite knowledge of Plaintiff's serious medical condition and having received Dr. Chen's evaluation of the continuing and unresolved nature of the serious medical condition following four prior referrals to Dr. Gaulin, the Medical Review Panel waited almost five months before approving Dr. Chen's surgery request on October 8, 2019.

31. During his performance of the hydrocelectomy, Dr. Chen diagnosed Plaintiff with a 4 to 5 cm cystic mass of necrotic caseating tissue in Plaintiff's left testicle. Because of the appearance of the mass and the extreme inflammation he observed, Dr. Chen performed an orchiectomy to permanently remove Plaintiff's left testicle.

32. Plaintiff is informed and believes, and based thereon alleges, that it is Dr. Chen's medical opinion that if the proper hydrocelectomy had been performed at the onset of Plaintiff's injury, without invasive needles subsequently draining the hydrocele multiple times, Plaintiff's left testicle would have been saved.

33. Prior to filing this Complaint, Plaintiff filed and followed all NDOC grievance procedures. Accordingly, Plaintiff has exhausted his administrative remedies and seeks to adjudicate his claim with the Court.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Deliberate Indifference to Serious Medical Needs**
**42 U.S.C. § 1983, Eighth and Fourteenth Amendments**

34. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. The government's failure to meet its "obligation to provide medical care for those whom it is punishing by incarceration" can constitute an Eighth Amendment violation

159348291.1

1  cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To prevail
2  on a § 1983 claim for inadequate medical care, a plaintiff must show "deliberate indifference"
3  to "serious medical needs." *Id.* at 104. This includes "both an objective standard – that the
4  deprivation was serious enough to cause cruel and unusual punishment – and a subjective
5  standard – deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012),
6  overruled in part on other grounds by *Peralta v. Dillard*, 744 F3d 1076 (9th Cir. 2014) (en banc).

7  36.  Under the color of law, Defendants Minev, Naughton, Adamson, McKee, Alley, Landsman, Pena and/or Gaulin deprived Plaintiff of the rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments, including the right to receive adequate medical care as an incarcerated person.

11 37.  Since October 2018, through and including May 2019 at the latest, these Defendants who individually and collectively controlled Plaintiff's medical care, and the policies and procedures affecting such medical care, knew that Plaintiff had serious medical needs due to the presence of a hydrocele causing the accumulation of fluid around his left testicle.

15 38.  Defendants knew that the risk of potential harm from delaying or denying medical care to Plaintiff was substantial, and that such delay and denial would result in Plaintiff's continued pain and suffering, inability to engage in many normal activities, and deteriorating health.

19 39.  Defendants knew, as Plaintiff's physicians and custodians, that they were legally required to take reasonable steps to prevent these results. These Defendants also knew that specific procedures, surgeries and other medical treatment, including but not limited to a properly performed hydrocelectomy, could alleviate Plaintiff's pain and suffering and deteriorating health.

24 40.  Defendants exhibited extreme, willful and deliberate indifference to Plaintiff's serious medical needs by failing to ensure the proper treatment of Plaintiff's hydrocele and delaying for almost five months approval of the hydrocelectomy requested by Dr. Chen upon his discovery of the hydrocelectomy improperly performed by Dr. Gaulin.

159348291.1

41. Defendants knew that the delay and denial of appropriate medical treatment constituted a substantial risk of harm to Plaintiff, and, in fact, Dr. Chen had to perform an orchiectomy and permanently remove Plaintiff's left testicle.

42. Defendants' actions were done under the color of law of the State of Nevada.

43. Through their extreme, willful and deliberate indifference to Plaintiff's serious medical needs, Defendants subjected Plaintiff to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments and thereby also violated 42 U.S.C. § 1983. As a result, Plaintiff suffered damages to be compensated, including but not limited to physical pain and suffering, emotional pain and suffering, permanent scarring and disfigurement, and other grievous and continuing injuries and damages.

44. Defendants are jointly and severally liable for all damages incurred by Plaintiff, as well as litigation expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### Negligence

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. Defendants Minev, Naughton, Adamson, McKee, Alley, Landsman, Pena and/or Gaulin owed Plaintiff a legal duty to use due care with regard to his treatment, including his medical treatment, whereas Defendants individually or collectively controlled Plaintiff's activities and medical care at LCC, as well as with any referred medical providers.

47. Defendants breached their duty to Plaintiff by failing to provide Plaintiff with at least the community standard of care for his treatable medical condition, a hydrocele that arose following an injury sustained in January 2018. Instead, Defendants negligently failed to provide and/or delayed the medical care they knew, or in the exercise of reasonable care should have known, to be essential to treating Plaintiff's hydrocele, relieving his severe pain, and preventing the worsening of his condition. Defendants further acted with negligent disregard for Plaintiff's health, insisting on a repeated course of treatment, and subsequent delay in treatment, which they

8

159348291.1

knew, or in the exercise of reasonable care should have known, was medically unacceptable under the circumstances. Defendants' failure to provide the appropriate level of medical care ultimately resulted in the loss of Plaintiff's left testicle.

48. As a direct and proximate result of Defendants' breach, Plaintiff has suffered substantial physical, mental, and emotional injuries and is entitled to damages.

49. Defendants are jointly and severally liable for all damages incurred by Plaintiff, as well as all litigation expenses incurred.

### THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

50. Plaintiff incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51. Defendants Minev, Naughton, Adamson, McKee, Alley, Landsman, Pena and/or Gaulin owed Plaintiff a legal duty to use due care with regard to his treatment, including his medical treatment, whereas Defendants individually or collectively controlled Plaintiff's activities and medical care at LCC, as well as with any referred medical providers.

52. Defendants breached this legal duty through their acts and omissions. Defendants failed to take timely or appropriate action to treat Plaintiff's medical condition, a hydrocele that arose following an injury sustained in January 2018. Instead, Defendants negligently failed to provide and/or delayed the medical care they knew, or in the exercise of reasonable care should have known, to be essential to treating Plaintiff's hydrocele, relieving his severe pain, and preventing the worsening of his condition. Defendants further acted with negligent disregard for Plaintiff's health, insisting on a repeated course of treatment, and subsequent delay in treatment, which they knew, or in the exercise of reasonable care should have known, was medically unacceptable under the circumstances. Defendants' acts and omissions ultimately resulted in the loss of Plaintiff's left testicle.

9

159348291.1

53. As a direct and proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer from emotional pain, anxiety, humiliation, nightmares and loss of sleep and is entitled to damages.

54. Defendants are jointly and severally liable for all damages incurred by Plaintiff, as well as all litigation expenses incurred.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant him judgment against Defendants, jointly and severally, as follows:

1. For the general damages that Plaintiff has incurred, including pain, suffering and emotional distress, in an amount to be determined at trial;

2. For all consequential, incidental, and special damages that Plaintiff has incurred in an amount to be determined at trial;

3. Pursuant to NRS 17.1310, prejudgment interest at the legal rate from the date of the filing of Plaintiff's complaint until paid;

4. For attorney fees and costs available under 42 U.S.C. § 1988 and § 1997e;

5. For costs incurred and accruing; and

6. For such other and further relief as the Court deems just under the circumstances.

Dated this 7th day of June, 2024.

                    **FOX ROTHSCHILD LLP**

By: /s/ Daniel A. Mann
COLLEEN E. MCCARTY, ESQ.
Nevada Bar No. 13186
DANIEL A. MANN
Nevada Bar No. 15594
1980 Festival Plaza Drive, Suite 700

10

159348291.1

Las Vegas, Nevada 89135
Telephone: (702) 262-6899
*Limited Appointment Pro Bono Counsel
for Plaintiff, Edwin Velez*

159348291.1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Fox Rothschild LLP and that on the 7th day of June, 2024, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **SECOND AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983** via the Court's CM/ECF system as follows:

Laura M. Ginn
Deputy Attorney General
State of Nevada Office of the Attorney General
555 Wright Way
Carson City, Nevada 89711
lginn@ag.nv.gov
*Limited Appearance Attorneys of Record*
*for Defendants*

                                           */s/ Martha W. Johns*
                                           An Employee of Fox Rothschild LLP

159348291.1