**ALICE CAMPOS MERCADO, ESQ.**
Nevada Bar No. 4555
**LEMONS, GRUNDY & EISENBERG**
6005 Plumas Street, Third Floor
Reno, Nevada 89519
(775) 786-6868; (775) 786-9716 (fax)
acm@lge.net

*Attorneys for Defendant*
*Paul E. Gaulin, M.D.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWIN VELEZ, an individual,<br><br>             Plaintiff,<br><br>   vs.<br><br>MICHAEL MINEV, in his individual and official capacities; DR. MARTIN J. NAUGHTON, M.D., in his individual and official capacities; DR. KIM A. ADAMSON, M.D., in his individual and official capacities; DR. MICHAEL D. MCKEE, M.D., in his individual and official capacities; DR. CAROL L. ALLEY, M.D., in her individual and official capacities; DR. HENRY R. LANDSMAN, m.d., in his individual and official capacities; DR. ROEHL PENA, M.D., in his individual and official capacities; and DR. PAUL E. GAULIN, M.D., in his individual capacity; and DOES 1-10,<br><br>             Defendants. | CASE NO. 3:21-CV-00197-ART-CSD<br><br>**ANSWER OF DEFENDANT PAUL E. GAULIN, M.D. TO SECOND AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant PAUL E. GAULIN, M.D., through his counsel, LEMONS, GRUNDY & EISENBERG, in response to Plaintiff's Second Amended Complaint, admits, denies and alleges as follows:

## NATURE OF THE ACTION

1.  This answering defendant generally denies the allegations in Plaintiff's Second Amended Complaint and specifically denies the allegations against him in paragraphs 1 and 2 of the Second Amended Complaint.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

1

## JURISDICTION AND VENUE

2.  Answering paragraphs 3 and 4 of the Second Amended Complaint, this answering defendant admits that this Court has jurisdiction and that venue is proper in this court, but specifically denies the remaining allegations of said paragraph, including any allegations which state or imply that plaintiff has been wronged, injured, or damaged as a result of any alleged acts or omissions by this answering defendant.

## PARTIES

3.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 of the Second Amended Complaint and therefore denies the same.

4.  This answering defendant denies the allegations contained in paragraph 13 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

5.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 29, 30, 31, 32 and 33 of the Second Amended Complaint and therefore denies the same.

6.  This answering defendant denies the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, and 28 of the Second Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Deliberate Indifference to Serious Medical Needs**
**42 U.S.C. § 1983, Eighth and Fourteenth Amendments**

7.  Answering paragraph 34, this answering defendant realleges and incorporates by reference his responses to paragraphs 1 through 33 of the Second Amended Complaint, as though set forth in full at this point.

8.  The allegations contained in paragraph 35 of the Second Amended Complaint appear to be conclusions of law or plaintiff's interpretation of the law. As to any conclusions of law or plaintiff's interpretation thereof, no admission or denial is required of this answering

/ / / / /

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

2

defendant. To the extent the allegations in paragraph 35 assert or imply any violation of federal or state law by this answering defendant, said allegations are denied.

9. This answering defendant denies the allegations contained in paragraphs 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
### Negligence

10. Answering paragraph 45, this answering defendant realleges and incorporates by reference his responses to paragraphs 1 through 44 of the Second Amended Complaint, as though set forth in full at this point.

11. Plaintiff's Second Cause of Action for "negligence" was dismissed by the *Order and Report & Recommendation of United States Magistrate Judge filed September 13, 2024 (ECF No. 86 at 11-12)*. Therefore, no answer to paragraphs 46 through 49 of the Second Amended Complaint is required by this answering defendant. To the extent a response is required, this answering defendant denies each and every allegation contained in paragraphs 46 through 49 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

12. Answering paragraph 50, this answering defendant realleges and incorporates by reference his responses to paragraphs 1 through 49 of the Second Amended Complaint, as though set forth in full at this point.

13. Plaintiff's Third Cause of Action for "negligent infliction of emotional distress" was dismissed by the *Order and Report & Recommendation of United States Magistrate Judge filed September 13, 2024 (ECF No. 86 at 11-12)*. Therefore, no answer to paragraphs 51 through 54 of the Second Amended Complaint is required by this answering defendant. To the extent a response is required, this answering defendant denies each and every allegation contained in paragraphs 51 through 54 of the Second Amended Complaint.

/ / / / /

/ / / / /

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

3

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim under the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 upon which relief can be granted against this answering defendant, who is not a state actor but is instead a private physician.

### Second Affirmative Defense

The damages, if any, incurred by plaintiff are not attributable to any acts, conduct or omission on the part of answering defendant; this answering defendant denies that he acted with deliberate indifference to plaintiff's constitutional rights or otherwise acted wrongfully or was negligent in any manner or in any degree with respect to the matters set forth in the Second Amended Complaint.

### Third Affirmative Defense

This answering defendant pleads the applicable statutes of limitations as an affirmative defense.

### Fourth Affirmative Defense

Defendant pleads the defense of qualified immunity.

### Fifth Affirmative Defense

This answering defendant acted in good faith in providing medical care and treatment to plaintiff. *See e.g., Clement v. City of Glendale*, 518 F.3d 1090 (recognizing this defense)

### Sixth Affirmative Defense

The claims asserted against this answering defendant in the Second Amended Complaint sound in professional negligence and are void ab initio for failing to comply with NRS 41A.071. *See Szymborski v. Spring Mountain Treatment Center,* 133 Nev. 638, 403 P.3d 1280 (2017).

### Seventh Affirmative Defense

This answering defendant pleads the provisions and limitations of NRS Chapter 41A as an affirmative defense, specifically including, but not limited to, the defense of several liability, the statute of limitations of NRS 41A.097, and the limitation on damages.

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

**Eighth Affirmative Defense**

Plaintiff gave an appropriately obtained informed consent regarding the medical care which is the subject of the Second Amended Complaint; plaintiff knowingly gave his consent, or such consent was implied by law or statute.

**Ninth Affirmative Defense**

This answering defendant complied with the standard of care at all times during the care in question.

**Tenth Affirmative Defense**

This answering defendant alleges that the occurrence referred to in the Second Amended Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom this answering defendant had no control.

**Eleventh Affirmative Defense**

The acts, omissions and/or negligence of plaintiff caused or contributed to any damages plaintiff may have sustained, and the conduct of plaintiff in comparison with the alleged conduct of this answering defendant, if any, requires the damages, if any, be denied or diminished in proportion to the amount of fault attributable to plaintiff, or otherwise according to law.

**Twelfth Affirmative Defense**

Plaintiff's damages, if any, were the result of intervening and/or superseding causes.

**Thirteenth Affirmative Defense**

This answering defendant pleads the affirmative defense of mitigation of damages.

**Fourteenth Affirmative Defense**

This answering defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, defendant reserves the right to seek leave of court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

/ / / / /

/ / / / /

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

5

Defendant hereby reserves the right pursuant to Fed.R.Civ.P. 11 to plead additional affirmative defenses if and when sufficient information to support the pleading of said defenses is obtained.

WHEREFORE, defendant PAUL E. GAULIN, M.D. prays for judgment as follows:

1. That plaintiff take nothing by way of his Second Amended Complaint and that this action be dismissed with prejudice;

2. That defendant be awarded costs of suit, including reasonable attorneys' fees;

3. For sanctions against plaintiff pursuant to Fed.R.Civ.P. 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and any other applicable rule or statute; and

4. For such further relief as the Court deems just and proper.

DATED this 31st day of October, 2024

**LEMONS, GRUNDY & EISENBERG**

By: */s/ Alice Campos Mercado*
    ALICE CAMPOS MERCADO

*Attorneys for Defendant*
*Paul E. Gaulin, M.D.*

## DEMAND FOR JURY TRIAL

Defendant PAUL E. GAULIN, M.D., hereby demands a trial by jury.

DATED this 31st day of October, 2024

**LEMONS, GRUNDY & EISENBERG**

By: */s/ Alice Campos Mercado*
    ALICE CAMPOS MERCADO

*Attorneys for Defendant*
*Paul E. Gaulin, M.D.*

LEMONS, GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is 6005 Plumas Street, Third Floor, Reno, Nevada 89519, and I am employed by LEMONS, GRUNDY & EISENBERG in the City of Reno and County of Washoe where this service occurs. I am over the age of 18 years and not a party to the within action.

On October 31, 2024, following the ordinary business practice, I electronically filed and served through the CM/ECF program the foregoing document to the addressee(s) listed below described as **ANSWER OF DEFENDANT PAUL E. GAULIN, M.D. TO SECOND AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**

_____ **BY MAIL**: in an envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Reno, Nevada;

_____ **BY PERSONAL SERVICE**: in an envelope to be hand delivered this date;

_____ **BY OVERNIGHT DELIVERY**: in an envelope to be delivered to an overnight delivery carrier with delivery fees provided for;

_____ **BY FACSIMILE**: by transmitting by facsimile to the respective fax telephone phone number(s);

✓ **BY ELECTRONIC SERVICE:** the court to electronically serve the following individual(s):

| | |
|---|---|
| Colleen E. McCarty<br>Daniel Mann<br>**FOX, ROTHSCHILD LLP**<br>One Summerlin<br>1980 Festival Plaza Dr., Ste. 700<br>Las Vegas, NV 89135<br><br>*Attorneys for Plaintiff* | Rudolf M. D'Silva<br>Laura M. Ginn<br>**STATE OF NEVADA,**<br>**OFFICE OF THE ATTORNEY GENERAL**<br>Public Safety-NDOC Division<br>100 N. Carson St.<br>Carson City, NV 89701<br><br>*Attorneys for Defendants*<br>*Carol Alley, Kim Adamson, Martin Naughton, and the Nevada Dep't of Corrections* |
| Amanda Patanaphan<br>**MCBRIDE HALL**<br>8329 West Sunset Road, Suite 260<br>Las Vegas, NV 89113<br><br>*Attorneys for Defendant*<br>*Roehl Pena, M.D.* | |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

      */s/ Margie Nevin*
      Margie Nevin

LEMONS, GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO, NV 89519-6069
(775) 786-6868