1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWIN VELEZ,

               Plaintiff,

vs.

DZURENDA, *et al.*,

               Defendants.

3:21-cv-00197-ART-CSD

**Order Adopting Report & Recommendation of U.S. Magistrate Judge and Denying Motion to Dismiss**

Plaintiff Edwin Velez, an inmate in custody of the Nevada Department of Corrections, brings this action against Defendants seeking redress for civil rights violations, negligence, and negligent infliction of emotional distress. (ECF No. 67 at 2.) In his second amended complaint, Plaintiff claims that Defendants' refusal to provide Plaintiff with proper care and appropriate treatment exacerbated his serious medical condition, caused unnecessary pain and suffering, and ultimately resulted in the permanent loss of Plaintiff's left testicle. (*Id.* at 2.) Defendant Roehl Pena filed a motion to dismiss. (ECF No. 77.) U.S. Magistrate Judge Denney then issued a report and recommendation (R&R) screening Plaintiff's SAC and recommending that Pena's motion to dismiss be denied. (ECF No. 86.) Neither Plaintiff nor Defendants objected to Judge Denney's R&R. Plaintiff then filed a notice of voluntary dismissal of Pena. (ECF No. 97.) For the following reasons, the Court adopts Judge Denney's R&R.

## I.  DISCUSSION

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and

recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### A. Screening of Second Amended Complaint

Judge Denney's R&R first screened Plaintiff's SAC in response to a motion to screen (or alternatively to dismiss) filed by Defendants Carol Alley, Kim Adamson, and Martin Naughton). (ECF No. 82.) Judge Denney explained that, although the SAC was filed by counsel, screening was in the interests of judicial economy because it obviated the need for response to be filed to the motion to dismiss. (ECF No. 86 at 5.)

In screening the SAC, Judge Denney found that Plaintiff stated a colorable Eighth Amendment claim for deliberate indifference to serious medical needs against each of the Defendants and recommended that the Court allow Plaintiff to proceed of this claim. (ECF No. 86 at 7-11.) Judge Denney found that the Court did not have jurisdiction over Plaintiff's state law claims because Nevada has not waived its Eleventh Amendment immunity from suit for cases filed in federal court. (*Id.* at 11-12.) As such, Judge Denney recommended denial of Plaintiff's claims for negligence and negligent infliction of emotional distress. (*Id.*)

Because neither party has objected to the R&R and because Judge Denney has not committed clear error, the Court accepts the screening recommendations in full.

### B. Motion to Dismiss

Judge Denney's R&R next recommended that Dr. Pena's motion to dismiss be denied. (ECF No. 86 at 12-13.) Because Plaintiff has voluntarily dismissed Dr. Pena from this action (ECF No. 97), the Court denies Dr. Pena's motion to dismiss as moot. //

## II.    CONCLUSION

It is therefore ordered that Judge Denney's R&R is adopted.

Plaintiff is permitted to proceed with his Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Minev, Naughton, Adamson, McKee, Alley, Landsman, and Gaulin.

Plaintiff's state law claims are dismissed without prejudice.

Defendants Naughton, Alley, and Adamson's alternative request for dismissal (ECF No. 81) is denied.

Defendant Pena's motion to dismiss (ECF No. 77) is denied.


DATED: November 26, 2024

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE