**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWIN VELEZ,

    Plaintiff

v.

MICHAEL MINEV, et al.,

    Defendants

Case No.: 3:21-cv-00197-ART-CSD

**Order**

Re: ECF No. 131

    Defendant Paul E. Gaulin, MD, filed a motion to compel responses to interrogatories and requests for production of documents. (ECF No. 131.) Plaintiff filed a response. (ECF No. 133.) Dr. Gaulin filed a reply. (ECF No. 134.)

    For the reasons set forth below, Dr. Gaulin's motion to compel is granted insofar as Plaintiff is required to serve responses to Dr. Gaulin's discovery within 21 days.

**I. BACKGROUND**

    Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), who is proceeding with this civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC).

    The court screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. McCullin. (ECF No. 11.)

    Plaintiff was appointed pro bono counsel, Daniel Mann, Esq., by District Judge Traum, for the limited purpose of obtaining medical records, identifying the doctor who is a necessary defendant in this action, filing an amended complaint and serving the defendant(s). (ECF No.

52.) Plaintiff, through counsel, filed a second amended complaint (SAC) against Dr. Michael Minev, Dr. Martin Naughton, Dr. Kim Adamson, Dr. Michael McKee, Dr. Carol Alley, Dr. Henry Landsman, Dr. Rohel Pena, and Dr. Paul Gaulin. (ECF No. 67.) The SAC asserted claims for deliberate indifference under the Eighth Amendment, negligence, and negligent infliction of emotional distress.

Plaintiff voluntarily dismissed Dr. Pena. (ECF No. 97.)

After screening the SAC, Plaintiff was allowed to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Minev, Dr. Naughton, Dr. Adamson, Dr. McKee[1], Dr. Alley, Dr. Landsman, and Dr. Gaulin. The state law claims were dismissed without prejudice. (ECF Nos. 86, 112.)

Having fulfilled the duties of his limited appointment, Mr. Mann was allowed to withdraw from the case. (ECF Nos. 106, 117.)

A scheduling order was entered on December 30, 2024. (ECF No. 118.)

On July 1, 2025, Dr. Gaulin filed this motion to compel Plaintiff to provide responses to interrogatories and requests for production of documents. (ECF No. 131.)

Plaintiff subsequently filed a motion requesting the court order Mr. Mann to deliver to Plaintiff all files, documents, papers, records, and personal property in his possession. (ECF No. 132.)

///

///

---

[1] A suggestion of death was filed as to Dr. McKee. (ECF No. 121.) An order was issued giving a deadline of April 7, 2025, for a motion for substitution to be filed for Dr. McKee, or Dr. McKee would be dismissed from this action. (ECF No. 125.) A separate report and recommendation will be issued for the dismissal of Dr. McKee as no motion to substitute has been filed to date.

## II. DISCUSSION

On November 21, 2024, Dr. Gaulin served Plaintiff's counsel with interrogatories and requests for the production of documents.[2] (Mercado Decl., ECF No. 131 at 9 ¶ 2.)

The court held a case management conference (CMC) on December 30, 2024. Plaintiff was present, and the court granted his counsel's motion to withdraw. Plaintiff was informed he would be representing himself for the remainder of the action unless he retained new counsel. (ECF No. 117.) The discovery plan and scheduling order was issued that same day, setting a discovery deadline of June 30, 2025, and advising the parties the deadline to respond to discovery is 30 days after it is served. (ECF No. 118 at 7.)

As of that time, Plaintiff had not responded to the discovery served by Dr. Gaulin. Nor had he requested an extension to respond. (Mercado Decl., ECF No. 131 at 9 ¶ 2.)

On February 20, 2025, Dr. Gaulin's counsel, Ms. Mercado, wrote to Plaintiff and informed Plaintiff his former counsel had been served with interrogatories and requests for production, to which Plaintiff had not yet responded. Ms. Mercado re-served Plaintiff with the discovery, and informed Plaintiff that responses would be due on March 25, 2025. (Mercado Decl., ECF No. 131 at 9 ¶ 3; ECF No. 131-2 at 1-20.)

Ms. Mercado received a letter from Plaintiff on March 3, 2025, requesting an extension of time. However, it did not specify if he was requesting an extension to serve his Rule 26 disclosures or the responses to the discovery served by Dr. Gaulin. (ECF No. 131-2 at 22.) Ms. Mercado wrote back to Plaintiff on March 5, 2025, stating that she did not have an objection to granting Plaintiff an extension and would work with him regarding these discovery issues. (ECF Id. at 24.)

---

[2] They were served prior to counsel being permitted to withdraw from the case.

3

Plaintiff did not provide a date to meet and confer or request a date to provide responses. Ms. Mercado sent Plaintiff a letter on April 2, 2025, advising that Dr. Gaulin had not received Plaintiff's responses to discovery, and requested the responses within two weeks. She advised Plaintiff that if she did not receive the responses, she would have to seek court intervention. (*Id*. at 26.)

Discovery was subsequently extended by 90 days, to September 29, 2025. (ECF No. 129.)

Plaintiff still had not served his discovery responses. As such, Ms. Mercado made arrangements to meet and confer with Plaintiff telephonically on May 30, 2025. (Mercado Decl., ECF No. 131 at 11 ¶ 7.) Plaintiff said he believed that his former counsel, Mr. Mann, had responded to the interrogatories and served Rule 26 disclosures in March, and Plaintiff was in communication with another attorney. (*Id*.) Ms. Mercado agreed to give Plaintiff an additional two weeks to respond to the discovery. She sent Plaintiff another copy of the discovery requests in a letter dated May 30, 2025. (*Id*.; ECF No. 131-2 at 28-29.)

On June 6, 2025, Plaintiff sent Ms. Mercado a letter requesting an extension of 90 days from June 30, 2025, to receive and submit discovery and to respond to Dr. Gaulin's discovery. (ECF No. 131-2 at 31.) Ms. Mercado responded on June 12, 2025, advising him that there had already been an extension of the discovery deadline to September 29, 2025. She gave Plaintiff until the end of the month to serve responses to Dr. Gaulin's discovery. (Mercado Decl., ECF No. 131 at 11-12 ¶ 9; ECF No. 131-2 at 34.)

Plaintiff still did not serve responses to Dr. Gaulin's discovery, forcing Dr. Gaulin to file this motion to compel. (Mercado Decl., ECF No. 131 at 12 ¶ 10.)

   In his response, Plaintiff does not dispute that Dr. Gaulin served discovery on Plaintiff's counsel back on November 21, 2024, and that he was advised at the CMC that his counsel was withdrawing, and he would be representing himself in the action. He asserts that he could not respond to the discovery because his former counsel, Mr. Mann, did not surrender a copy of all discovery acquired while he was on the case, and Plaintiff has filed a motion seeking production of his file from Ms. Mann. Plaintiff also states that he will acquire a copy of his medical files through the Attorney General's Office in mid-July.

   After engaging in the required meet and confer process, a party may file a motion to compel if another party fails to answer an interrogatory propounded under Federal Rule of Civil Procedure 33 or produce documents requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

   Plaintiff does not dispute the failure to serve responses to Dr. Gaulin's interrogatories or requests for production despite being given numerous extensions of time to do so. Instead, he argues that he has not done so because he did not have access to his discovery file that is in his former counsel's possession. Mr. Mann was appointed for the limited purpose of obtaining Plaintiff's medical records and filing the SAC. Therefore, the only discovery in his possession would be Plaintiff's medical records. Under NDOC's Administrative Regulations (ARs), an inmate may request to review and have copies made for litigation of his medical records. (AR 639.03, [AR 639 - Medical Records Final 7-27-21 (signed 7-27-21).pdf](), last visited August 4, 2025.) In any event, Plaintiff asserts that he was supposed to receive his medical records through the Attorney General's Office in mid-July.[3]

---

[3] If Plaintiff has not yet had a chance to review his medical records, the Attorney General's Office shall ensure that this occurs in the next week.

Moreover, as Dr. Gaulin points out, many of the discovery requests do not depend on Plaintiff's review of his medical records.

As such, the court will grant Dr. Gaulin's motion insofar as it will order Plaintiff to provide responses to Dr. Gaulin's interrogatories and requests for production of documents within 21 days.

### III. CONCLUSION

Dr. Gaulin's motion (ECF No. 131) is **GRANTED** insofar as Plaintiff is ordered to serve responses to Dr. Gaulin's interrogatories and requests for production within **21 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: August 6, 2025

_____
Craig S. Denney
United States Magistrate Judge